IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA PLUMBERS AND STEAMFITTERS HEALTH AND WELFARE FUND; ATLANTA PLUMBERS AND STEAMFITTERS PENSION FUND; PLUMBERS AND STEAMFITTERS LOCAL #72 DEFINED CONTRIBUTION FUND; and JEFF HOUSWORTH and DAVID M. McKENNEY as trustees of the aforesaid Funds,<br><br>    Plaintiffs,<br><br>v.<br><br>A.L. WILLIAMS PLUMBING CO., INC.,<br><br>    Defendant. | CIVIL ACTION NO.<br>_____ |

## COMPLAINT

Plaintiffs file this Complaint against Defendant A.L. Williams Plumbing Co., Inc. and allege the following:

## PARTIES

1.

The Atlanta Plumbers and Steamfitters Health and Welfare Fund (the "Health and Welfare Fund"), Atlanta Plumbers and Steamfitters Pension Fund (the "Pension Fund"), and Plumbers and Steamfitters Local #72 Defined Contribution Fund (the "Annuity Fund") (collectively, the "Funds") are employee benefit plans

within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1002(3).  Pursuant to ERISA § 502(d)(1), 29 U.S.C. § 1132(d)(1), the Funds have capacity and standing to bring this suit.

2.

Jeff Housworth and David M. McKenney are representative trustees (the "Trustees") of the Funds.  The Trustees exercise discretionary authority and control with respect to the management and disposition of the assets of the Funds.  Accordingly, the Trustees are "fiduciaries" of the Funds within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).  The Trustees bring this suit on behalf of the Funds and on behalf of the Funds' participants and beneficiaries, and not in any individual capacity.

3.

Defendant is a for profit corporation operating and existing under the laws of the State of Georgia.  Defendant conducts business within the Northern District of Georgia and is subject to the jurisdiction of this Court.  Plaintiffs' Summons and Complaint may be served upon Angela L. Williams, Registered Agent for Defendant, located at 4721 Highway 2, Blue Ridge, Georgia 30513.

4.

Defendant is an "employer" within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and Section 2(2) of the National Labor Relations Act of 1935, as amended ("NLRA"), 29 U.S.C. § 152(2).

## **VENUE AND JURISDICTION**

5.

This Court has subject matter jurisdiction over this action pursuant to ERISA §§ 502(e)(1) and (f), 29 U.S.C. §§ 1132(e)(1) and (f); and 28 U.S.C. §§ 1331 and 1337.

6.

Venue of this action is proper in the Northern District of Georgia under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391 with respect to all claims asserted by Plaintiffs because the Funds are administered and the Defendant may be found in the Northern District of Georgia.

7.

Pursuant to ERISA § 502(h), 29 U.S.C. § 1132(h), upon the Court's entering of this case into the CM/ECF system and the Court's assignment of a civil case number, Plaintiffs will promptly serve by certified mail filed copies of this

Complaint bearing the civil case number upon the Secretary of Labor and the Secretary of the Treasury.

## CAUSE OF ACTION

8.

Pursuant to the collective bargaining agreement between the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting industry of the United States and Canada, Local Union No. 72, of Atlanta, Georgia and the Mechanical Contractors Association of Georgia, Inc. (hereinafter referred to as the "Collective Bargaining Agreement"), to which Defendant has assented, Defendant is liable to each of the Funds for fringe benefit contributions (the "Contributions") due and owing each of them.

9.

Defendant, by virtue of its execution of the Collective Bargaining Agreement, is bound to the trust agreements of the Funds (the "Trust Agreements") and the rules and regulations enacted by the Trustees to govern the collection of Contributions.

10.

Defendant is required to submit to the Funds by the 10th day of each month reports showing the Contributions due and owing the respective Plaintiffs for work performed during the previous month.

11.

Defendant is required to remit to the Funds all Contributions due and owing the respective Funds for any given month by the 10th day of the following month and these are deemed delinquent if not made by the last day of the month.

12.

Defendant has defaulted on its duty in regard to the obligations described above in Paragraphs 10 and 11 by failing to pay in a timely manner the full Contributions owed to the Funds for work performed during the month of July 2013.  The Funds are presently unable to determine the amount owed for July 2013 because of Defendant's failure to submit the reports described in Paragraph 10.

13.

As a result of its delinquency on its Contributions obligations, Defendant has also accrued liquidated damages that have been assessed by the Funds pursuant to the Trust Agreements and the rules and regulations enacted by the Trustees.

14.

The total amount of liquidated damages owed to the Funds pursuant to the Trust Agreements and the rules and regulations enacted by the Trustees mentioned above in Paragraph 13 as a result of Defendant's failure to pay in a timely manner the full Contributions owed to the Funds for work performed during January 2013 through May 2013 and July 2013 mentioned above in Paragraph 12 is at least $1,728.40.

15.

As outlined herein, Defendant has breached its duties and obligations to the Funds under ERISA § 515, 29 U.S.C. § 1145, and under the Collective Bargaining Agreement.

16.

Pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A), the Funds are entitled to recover from Defendant all unpaid Contributions due and owing them.

17.

Pursuant to ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B), the Funds are entitled to recover from Defendant interest, in accordance with ERISA § 502(g)(2), on all untimely paid Contributions.

18.

Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), the Funds also are entitled to recover an amount equal to the greater of (i) interest on the unpaid Contributions, or (ii) liquidated damages provided for by the Funds' plans in an amount not in excess of 20% of the untimely paid Contributions ("Double Interest").

19.

Pursuant to ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D), the Funds are entitled to recover their expenses, including their reasonable attorneys' fees and costs of the action.

21.

Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Funds are also entitled to appropriate equitable relief.

WHEREFORE, Plaintiffs pray that this Court grant relief as follows:

(a)     Enter judgment against Defendant for all unpaid Contributions;

(b)     Enter judgment against Defendant for liquidated damages in an amount not less than $1,728.40;

(c) Enter an order requiring Defendant to produce the delinquent reports from July 2013 and any other reports that become due subsequent to this filing of this Complaint;

(d) Enter judgment against Defendant for interest, in accordance with ERISA § 502(g)(2)(B), on all unpaid Contributions;

(e) Enter judgment against Defendant for Double Interest, in accordance with ERISA § 502(g)(2)(C), on all untimely paid Contributions;

(f) Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action in accordance with ERISA § 502(g)(2)(D);

(g) Grant Plaintiffs such other legal and equitable relief as this Court deems appropriate.

This 17th day of September, 2013.

>Respectfully submitted,
>
>**PARKER, HUDSON, RAINER & DOBBS LLP**
>
>*/s/ Tiffany R. Johnson*
>Eric Jon Taylor
>Georgia Bar No. 699966
>ejt@phrd.com
>V. Justin Arpey
>Georgia Bar No. 023753
>vja@phrd.com
>Tiffany R. Johnson
>Georgia Bar No. 638051
>trj@phrd.com

1500 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
(404) 523-5300
(404) 522-8409 Facsimile

*Attorneys for Plaintiffs*